Ruffin, C. J.
 

 The Court is of opinion, that the instructions were erroneous. It seems impossible to mis-
 

 
 *48
 
 take the meaning of the parties. In construing their agreement, its stipulations are to be held to be dependent or independent, as -will effect the apparent intention.— Although the books are overloaded with adjudications upon the question, there are really no technical rules to govern us, but every agreement is to be judged of, according to its own terms and the nature of the transaction to which it relates. Here, it is clear, that the engagement of the defendants was not absolute, that they would make the fans at all events. Possibly, it might have been so held upon the words, as the instrument seems at first to have been drawn; in which the defendants bind themselves “to make for” the plaintiff fifty-fans. But that does not constitute the whole agreement; for before executing it the defendants added, after the words of formal conclusion, these others: “ The said D wiggins agrees to furnish the materials for the above fans on or before the 20th of February, 1844”: and that addition modifies most materially the indefinite terms, in which the agreement had been before concluded. Those words could not have been intended as a covenant on the part of the plaintiff, for the breach of which the defendants might have their action; since the plaintiff did not, in truth, execute the deed, but only accepted it. They were, therefore, intended to qualify the preceding engagement of the defendants, which, from the generality of its form, was susceptible of misconstruction, and to make it more specific in two particulars. The one was, that, although the defendants were “to make” the fans, that should not be held to mean, that they were to make them out and out, but that they should make them out of the plaintiff’s own materials, that is to say, that they should construct them, merely. The other was, that, inasmuch as the plaintiff required the fans to be done by the 1st of August following, and it would require a considerable period to construct that number, they would only bind themselves to do the work by that particular day, if the
 
 *49
 
 plaintiff would put tlie materials in their hands long enough to enable them to work them up by the day; and they fixed on the 20th day of February, 1844, as the latest day of delivery. Such is the plain common sense of the transaction, and a fair interpretation of the instrument. What is said about the acts of the plaintiff, was not intended to give the other party an action against him, but to modify the engagements of the defendants themselves ; and it so qualifies it as necessarily to amount to a condition precedent. The order, in which the provisions are found in the instrument, does not control the construction ; for it is a trite observation, that they will be transposed so as to effectuate the intention, which is to be collected from the order in point of time, in which the seve-eral acts of the different parties are to be performed. Now, as the plaintiff chose to furnish his own materials, and, therefore, to pay the defendants for making only, and as the defendants were to make the fans out of the plaintiff’s materials, it follows, of necessity, that before the defendants eould do any thing, or be intended to do any thing, the plaintiff must first find the materials, with which the work was to be made.
 

 But it was said at the bar, that this construction must be wrong, inasmuch as it is to be collected from the agreement, that the defendants had been paid, and that they ought not to keep the price without doing the work. With that we have nothing to do at present, as the only question now is, whether this action can be sustained on the covenant. But suppose the defendants may retain the sum paid them, who is in fault ? For if a person will hire another to work for him, and then will not give him any work to do, the employer has himself alone to blame. And if the defendants have been paid, it was for making fifty fans out of the plaintiff’s materials, and for nothing more; and that they were ready to do ; but the plaintiff wishes to recover from them, as if they had been paid for making and had covenanted to make the fifty fans out of
 
 *50
 
 their own materials. Surely nothing- could be more unjust or opposed to the meaning- of the parties. The defendants were not t.o do a stroke of work, but upon materials furnished by the plaintiff, and, as he furnished none, they have not broken their covenant.
 

 PeR Curiam. Judgment reversed and
 
 venire de
 
 novo.